# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: <u>3:21−cr−00202−PAD</u>−1

Case title: USA v. Keleher

Date Filed: 06/08/2021

Date Terminated: 12/17/2021

Assigned to: Judge Pedro A.
Delgado−Hernandez

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Julia Beatrice Keleher**<br>*TERMINATED: 12/17/2021* | represented by | **Carlos J. Andreu−Collazo**<br>Greenberg Traurig, P.A<br>333 SE 2nd Avenue<br>Suite 4400<br>33131<br>Miami, FL 33131<br>305−579−0649<br>Fax: 305−579−0717<br>Email: Carlos.Andreu@gtlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Javier Micheo−Marcial**<br>DMRA Law LLC<br>100 Road 165<br>Guaynabo, PR 00968<br>787−331−9970 787−667−6749<br>Fax: 787−331−0728<br>Email: javier.micheo@dmralaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Maria A. Dominguez−Victoriano**<br>DMR Law LLC<br>1430 South Dixie Hwy<br>Suite 314<br>Miami−Dade County, Ste 314<br>Miami, FL 33146<br>787−331−9970<br>Email: maria.dominguez@dmralaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**<u>Pending Counts</u>**

**<u>Disposition</u>**

| | |
|---|---|
| 18:371 CONSPIRACY TO COMMIT WIRE FRAUD (1) | IMPR: Six (6) months as to each count of conviction, to be served concurrently with each other; SRT: Twelve (12) months as to each count, to be served concurrently with each other; SMA: $200.00; Fine in Judgment. |
| 18:371 CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD (2) | IMPR: Six (6) months as to each count of conviction, to be served concurrently with each other; SRT: Twelve (12) months as to each count, to be served concurrently with each other; SMA: $200.00; Fine in Judgment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**US Probation Office**

---

**Interested Party**

| **Fernando Scherrer−Caillet**<br>*TERMINATED: 06/25/2021* | represented by | **Juan R. Acevedo−Cruz**<br>Suite 501−A<br>Banco Cooperativo Plaza<br>623 Ave. Ponce de Leon<br>San Juan, PR 00917<br>787−751−2341<br>Fax: 787−751−2795<br>Email: jr@jracevedo.com<br>*TERMINATED: 06/25/2021*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
|---|---|---|

---

**Plaintiff**

**USA**                                                    represented by  **Alexander L. Alum**
United States Attorneys Office
350 Carlos Chardon Street
Suite 1201 Torre Chardon
San Juan, PR 00918
787−772−4062
Fax: 787−771−4050
Email: alexander.l.alum@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Jose A. Ruiz−Santiago**
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787−766−5656
Email: jose.ruiz3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Scott H. Anderson**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787−766−5656
Fax: 787−771−4050
Email: scott.h.anderson@usdoj.gov
*TERMINATED: 04/18/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 06/08/2021 | 1 | WAIVER OF INDICTMENT by Julia Beatrice Keleher (1) (om) (Entered: 06/08/2021) | |
| 06/08/2021 | 2 | INFORMATION as to Julia Beatrice Keleher (1) count(s) 1, 2. (ab) (Entered: 06/08/2021) | |
| 06/08/2021 | 3 | PLEA AGREEMENT as to Julia Beatrice Keleher (1) (om) (Entered: 06/08/2021) | |
| 06/08/2021 | 4 | ***EX−PARTE***PLEA AGREEMENT SUPPLEMENT as to Julia Beatrice Keleher (1) (om) (Entered: 06/08/2021) | |
| 06/08/2021 | 5 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before U.S. District Judge Francisco A. Besosa. Waiver of Indictment, Filing of Information, and plea as to Julia Beatrice Keleher (1) held on June 8, 2021. Present via VTC AUSA Alexander Alum, retained counsel Maria A. Dominguez−Victoriano, Javier Micheo−Marcial, and Carlos J. Andreu−Collazo. The defendant was present via VTC, under bail conditions imposed in Cr. Cases 19−431−01 (FAB) and 20−19−01 (FAB). The record should reflect the proceedings are being held by VTC, given the emergency situation created by the COVID−19 pandemic. Therefore, the defendant has consented to proceed by VTC, and waiver of physical presence filed in Cr. 20−19−01 (FAB) at ECF No. 212−01. Notwithstanding, the Court during today's hearing made a finding pursuant to the CARES ACT that defendant knowingly and voluntarily waived her right to be physically present for the waiver of indictment, filing of information and plea hearing, since she has consented to proceed by videoconference after consultation with her attorneys. During the hearing, the Court had a clear view of the defendant on screen. The waiver of Indictment and the Information were filed and accepted by the Court. The Information was assigned Cr. No. 21−cr−202−01 (FAB). Defendant waived the reading of the Information. Then, the Court proceeded with the plea hearing. The defendant was found competent to plea. Plea agreement which is pursuant to Fed.R.Cr.Pr. 11(c)(1)(C) and plea supplement filed. The defendant agreed to plead guily to counts One (1), and Two (2) of the Information. The defendant was advised of the maximum penalties she is facing, constitutional rights, consequences of waiving her constitutional rights and the applicable statutory guidelines. The defendant was advised that the Court did not accept the plea agreement, pending its revision of the presentence investigation report. If the Court, after reviewing the Pre−Sentence Investigation Report, does not accept the plea agreement, defendant will be allowed to withdraw her plea. If she does not withdraw her plea, the Court may sentence her to a term of imprisonment not contemplated in the plea agreement. Plea supplement will remain filed ex−parte until further order of the Court. A Pre−Sentence Report shall be prepared by the U.S. Probation Office and shall be filed at least 35 days prior to sentencing. **Sentence set for September 7, 2021 at 9:00 a.m. via VTC. The defendant during today's hearing consented to proceed with the sentencing hearing through VTC.** Finally, the defendant will remain under same bail conditions previously imposed in Cr. Cases 19−431−01 FAB and 20−19−01 FAB. (Court Reporter Joe Reynosa.)Hearing set for 10:00.Hearing held at 11:05.Hearing ended at 12:09.Interpreter Not required. (om) (Entered: 06/08/2021) |
| 06/25/2021 | <u>6</u> | TRANSCRIPT REQUEST by Fernando Scherrer−Caillet as to Julia Beatrice Keleher for proceedings held on June 8, 2021 before Judge FAB. (Acevedo−Cruz, Juan) (Entered: 06/25/2021) |
| 06/25/2021 | 7 | ORDER re <u>6</u> Transcript Request as to Julia Beatrice Keleher (1): DENIED. Signed by Judge Francisco A. Besosa on 06/25/2021. (brc) (Entered: 06/25/2021) |
| 07/28/2021 | 8 | ORDER OF RECUSAL. I recuse myself from further presiding over this case. The Clerk will assign this case to another district judge.  Signed by Judge Francisco A. Besosa on 7/28/2021. (gr) (Entered: 07/28/2021) |
| 07/28/2021 | 9 | |

| | | |
|---|---|---|
| | | MEMORANDUM OF THE CLERK: Pursuant to the Order of Recusal entered by Judge Francisco A. Besosa (Docket No. 8), this case has been randomly reassigned to the docket of Judge Raul M. Arias−Marxuach. Signed by Clerk on 07/28/2021. (gr) (Entered: 07/28/2021) |
| 07/28/2021 | 10 | ORDER as to Julia Beatrice Keleher (1). **Sentencing Hearing is RESET for 9/14/2021 at 9:00 AM in Courtroom 7 before Judge Raul M. Arias−Marxuach.** In accordance with this district's Amended In−Person and Jury Trial Protocol During COVID−19 Pandemic, all attorneys of record shall notify the Court the names and vaccination status of all persons attending in−person proceedings, prior to the hearing. All attendees must submit this information through the following link: **https://www.surveymonkey.com/r/usdcpr−proc−attendees**. To ensure social distancing and compliance with COVID−19 prevention measures, the parties are advised that family members and members of the public not informed by the attorneys will not be allowed into the courtroom. Signed by Judge Raul M. Arias−Marxuach on 7/28/2021. (nat) Modified tags for hyperlink on 8/5/2021 (rim). (Entered: 07/28/2021) |
| 07/29/2021 | 11 | ORDER OF RECUSAL: The sentencing hearing is vacated sine die. Upon review of the docket of the related case 19−cr−431−FAB, it has come to the Court's attention that counsel began representing Defendant Julia Keleher while they and the undersigned were employed by McConnell Valdes LLC. Therefore, the undersigned recuses himself from further participation in this case pursuant to 28 U.S.C. Sec. 455(b)(2). The matter is referred to the Clerk's Office to reassign this case to another district judge.  Signed by Judge Raul M. Arias−Marxuach on 7/29/2021.(mrr) (Entered: 07/29/2021) |
| 07/29/2021 | 12 | MEMORANDUM OF THE CLERK: Pursuant to the Order of Recusal entered by Judge Raul M. Arias−Marxuach (Docket No. 11), this case has been randomly reassigned to the docket of Judge Aida M. Delgado−Colon. Signed by Clerk on 07/29/2021. (gr) (Entered: 07/29/2021) |
| 07/30/2021 | <u>13</u> | Joint MOTION to Consolidate Cases by Julia Beatrice Keleher. Responses due by 8/13/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez−Victoriano, Maria) (Entered: 07/30/2021) |
| 08/04/2021 | <u>14</u> | ORDER as to Julia Beatrice Keleher (1) re <u>13</u> Motion to Consolidate Cases filed by Julia Beatrice Keleher. GRANTED. Subject to the consent of Judge Pedro A. Delgado, the instant case is to be consolidated with Crim. No. 19−019 (PAD) as requested by the parties and transferred accordingly. See Local Rules 3A, 42.  Signed by Judge Aida M. Delgado−Colon on 8/4/2021.(wm) (Main Document 14 replaced to correct reference to Case No. 19−019 on 8/5/2021) (idg). (Entered: 08/04/2021) |
| 08/04/2021 | 15 | ORDER as to Julia Beatrice Keleher (1): The undersigned consents to the transfer of this case to his docket.  Signed by Judge Pedro A. Delgado−Hernandez on 8/4/2021. (vso) (Entered: 08/04/2021) |
| 08/04/2021 | 16 | MEMORANDUM OF THE CLERK: By <u>14</u> Order of Judge Aida M. Delgado−Colon, this case has been transferred to the docket of U.S. District Judge Pedro A. Delgado−Hernandez, who has consented to said transfer. See, 21−cr−202 at Docket No. 15. Signed by Clerk on 08/04/2021. (gr) Modified |

| | | |
|---|---|---|
| | | on 8/5/2021 to edit docket text (mcm). (Entered: 08/04/2021) |
| 08/05/2021 | 17 | ORDER as to Julia Beatrice Keleher (1): **Sentencing Hearing set for 12/15/2021 at 09:30 AM via VTC before Judge Pedro A. Delgado−Hernandez. By 11/22/2021, each of the parties shall file a sentencing memorandum, with reference to legal authorities in support of arguments and requests made. Requests and arguments not included in the memorandum and raised for the first time at the hearing will be deemed waived. The memorandum shall also include a recommendation as to supervised release.** Signed by Judge Pedro A. Delgado−Hernandez on 8/5/2021. (vso) (Entered: 08/05/2021) |
| 08/25/2021 | 18 | ORDER as to Julia Beatrice Keleher (1): **Sentencing Hearing is rescheduled for 12/17/2021 at 01:30 PM via VTC before Judge Pedro A. Delgado−Hernandez.** Signed by Judge Pedro A. Delgado−Hernandez on 8/25/2021. (vso) (Entered: 08/25/2021) |
| 09/01/2021 | 19 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, U.S. Probation Officer, Julia Beatrice Keleher (U.S. Probation Officer, Renee Perez) (Entered: 09/01/2021) |
| 10/05/2021 | 20 | ORDER: Having reviewed the Presentence Investigation Report filed at Docket No. 19, the court accepts the Type C agreement at Docket Nos. 3−4. The Sentencing Hearing will be held as set at Docket No. 18.  Signed by Judge Pedro A. Delgado−Hernandez on 10/5/2021. (LM) (Entered: 10/05/2021) |
| 10/12/2021 | 21 | Joint MOTION to Advance Defendant's Sentencing Hearing by USA and Julia Beatrice Keleher (1). Responses due by 10/26/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo−Marcial, Javier) Modified on 10/13/2021 to add filer (mg). (Entered: 10/12/2021) |
| 10/15/2021 | 22 | ORDER as to Julia Beatrice Keleher (1): Granting in part 21 "Joint Motion to Advance Defendants Sentencing Hearing." The request to forego filing of sentencing memoranda is GRANTED. Due to the undersigned's congested docket, the request to advance the sentencing hearing is DENIED. **Therefore, the Sentencing Hearing remains as set at Docket No. 17.** Signed by Judge Pedro A. Delgado−Hernandez on 10/15/2021. (LMR) (Entered: 10/15/2021) |
| 11/30/2021 | 23 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Amended to update date of sentence, defendants current age, the current guidelines in effect and to address objections/clarifications in paragraphs 59, 60, 124, 128, 166, 177 and 178. No changes to guideline computations. Since the presentence report is a Court Document, its contents must not be recorded or |

| | | |
|---|---|---|
| | | otherwise disseminated to third parties in any manner, by USA, US Probation Officer, Julia Beatrice Keleher (U.S. Probation Officer, Renee Perez) (Entered: 11/30/2021) |
| 12/07/2021 | 24 | MOTION to Restrict Document *Motion Submitting Character Reference Letters and For Leave to File Spanish Language Translations at a Later Date* by Julia Beatrice Keleher (1). Responses due by 12/21/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez−Victoriano, Maria) (Entered: 12/07/2021) |
| 12/07/2021 | 25 | **CASE PARTICIPANTS** MOTION Submitting *Character Letters and Requesting Leave to File Spanish Language Translations at a Later Date* by Julia Beatrice Keleher (1). Responses due by 12/21/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dominguez−Victoriano, Maria) (Entered: 12/07/2021) |
| 12/07/2021 | 26 | ORDER: Granting 24 "Motion to Restrict," as to Julia Beatrice Keleher (1). Signed by Judge Pedro A. Delgado−Hernandez on 12/7/2021. (ebb) (Entered: 12/07/2021) |
| 12/09/2021 | 27 | ORDER: Noting and Granting 25 "Motion Submitting Character Letters and for Leave to File Spanish Language Translations at a Later Date." **Certified translations due 12/16/2021 at noontime.** Signed by Judge Pedro A. Delgado−Hernandez on 12/9/2021. (LMR) (Entered: 12/09/2021) |
| 12/10/2021 | 28 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR. The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Officer, Julia Beatrice Keleher (Perez, Renee) (Entered: 12/10/2021) |
| 12/16/2021 | 29 | MOTION to Restrict Document by Julia Beatrice Keleher (1). Responses due by 12/30/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Andreu−Collazo, Carlos) (Entered: 12/16/2021) |
| 12/16/2021 | 30 | **CASE PARTICIPANTS** MOTION Submitting *English Translations to Spanish Character Reference Letters* by Julia Beatrice Keleher (1). Responses due by 12/30/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1)(Andreu−Collazo, Carlos) (Entered: 12/16/2021) |
| 12/16/2021 | 31 | ORDER: Granting 29 "Motion to Restrict," as to Julia Beatrice Keleher (1). Signed by Judge Pedro A. Delgado−Hernandez on 12/16/2021. (ebb) (Entered: 12/16/2021) |
| 12/17/2021 | 32 | Minute Entry for proceedings held before Judge Pedro A. Delgado−Hernandez: Sentencing Hearing held via VTC on 12/17/2021 for Julia Beatrice Keleher (1). Present: AUSA Alexander Alum, attorneys Maria Dominguez and Javier Micheo, and USPO Ariana Guzman (for USPO Renee Perez). All parties were present remotely and the press was provided access via telephone. Defendant was present via VTC, on bond, and did not need the assistance of certified court interpreter. All parties were present via VTC. Defendant voluntarily waived her right to be physically present in the |

| | | |
|---|---|---|
| | | courthouse and consented to the holding of the hearing via VTC. The government stood by the plea agreement entered into by the parties and recommended a term of imprisonment of 6 months, supervised release under home detention, and fine be imposed. Attorney Dominguez highlighted the circumstances of the case and negotiations with the government. Allocution heard. After hearing the parties, sentence was imposed as to Counts 1 and 2 of the Information − IMPR: Six (6) months as to each count of conviction, to be served concurrently with each other; SRT: Twelve (12) months as to each count, to be served concurrently with each other; SMA: $200.00; Fine in Judgment. All pending counts against defendant Julia Beatrice Keleher in Criminal Cases 19−431 (PAD) and 20−019 (PAD), were dismissed on government motion. Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons within ten (10) working days of notification of designation. Defendant shall remain under the same conditions of release as imposed by the U.S. Magistrate Judge until surrender.  (Court Reporter Cindy Brown.) Hearing set for 01:30. Hearing held at 01:46. Hearing ended at 02:13. (vso) (Entered: 12/17/2021) |
| 12/17/2021 | 33 | JUDGMENT as to Julia Beatrice Keleher (1), Counts 1 and 2, IMPR: Six (6) months as to each count of conviction, to be served concurrently with each other; SRT: Twelve (12) months as to each count, to be served concurrently with each other; SMA: $200.00; Fine in Judgment.  Signed by Judge Pedro A. Delgado−Hernandez on 12/17/2021. (vso) (Entered: 12/17/2021) |
| 12/17/2021 | 34 | ***SELECTED PARTIES*** Statement of Reasons as to Julia Beatrice Keleher (1).  Signed by Judge Pedro A. Delgado−Hernandez on 12/17/2021. (vso) (Entered: 12/17/2021) |
| 12/21/2021 | 35 | MOTION Requesting Order *Regarding Secured Bond* by Julia Beatrice Keleher (1). Responses due by 1/4/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Andreu−Collazo, Carlos) (Entered: 12/21/2021) |
| 12/21/2021 | 36 | ORDER as to Julia Beatrice Keleher (1): Granting 35 "Defendant's Motion Requesting Order Regarding Secured Bond." The Clerk of Court is ordered to apply the $15,000 secured bond posted in 19−431(PAD), to the payment of the fine imposed in 21−202 (PAD).Signed by Judge Pedro A. Delgado−Hernandez on 12/21/2021. (LMR) (Entered: 12/21/2021) |
| 01/26/2022 | 37 | NOTICE *of Satisfaction of Monetary Impositions* by Julia Beatrice Keleher (1) (Gonzalez−Rivera, Maritza) (Entered: 01/26/2022) |
| 01/26/2022 | 38 | ORDER: Noting 37 "United States of America's Notice of Satisfaction of Monetary Impositions," as to Julia Beatrice Keleher (1).  Signed by Judge Pedro A. Delgado−Hernandez on 1/26/2022. (ebb) (Entered: 01/26/2022) |
| 02/24/2022 | 39 | TRANSCRIPT REQUEST *of COP hearing* by USA as to Julia Beatrice Keleher (1) for proceedings held on June 8, 2021 before Judge Pedro A. Delgado. (Alum, Alexander) (Entered: 02/24/2022) |
| 04/08/2022 | 40 | ***SELECTED PARTIES***Transcript of Change of Plea Hearing as to Julia Beatrice Keleher (1) held on 6/8/2022, before Judge Francisco A. Besosa. Court Reporter/Transcriber Joe Reynosa. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this |

| | | |
|---|---|---|
| | | transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 4/29/2022. Redacted Transcript Deadline set for 5/9/2022. (be) (Entered: 04/12/2022) |
| 04/13/2022 | 41 | MOTION for Return of Property/PostTrial by Julia Beatrice Keleher (1). Responses due by 4/27/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Andreu−Collazo, Carlos) (Entered: 04/13/2022) |
| 04/13/2022 | 42 | MOTION to Withdraw as Attorney by Scott Anderson. by USA as to Julia Beatrice Keleher (1). Responses due by 4/27/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Anderson, Scott) (Entered: 04/13/2022) |
| 04/18/2022 | 43 | ORDER: Granting 42 "United States' Motion to Withdraw as the Assistant United States Attorney Assigned to the Case," as to Julia Beatrice Keleher (1). Signed by Judge Pedro A. Delgado−Hernandez on 4/18/2022. (ebb) (Entered: 04/18/2022) |
| 04/21/2022 | 44 | ORDER re: 41 "Defendant's Motion for Return of Personal Property" as to Julia Beatrice Keleher (1). **The government and USPO shall respond not later than May 5, 2022.** Signed by Judge Pedro A. Delgado−Hernandez on 4/21/2022. (AEM) (Entered: 04/21/2022) |
| 05/03/2022 | 45 | MOTION in Compliance with Court Order (Docket No. 44) by US Probation Office as to Julia Beatrice Keleher (1). Responses due by 5/17/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rivera−Torres, Elsie) (Entered: 05/03/2022) |
| 07/12/2022 | 46 | ***FILED IN ERROR − Wrong Case Caption/Number. Counsel to re−file.*** INFORMATIVE Motion by Fernando Scherrer−Caillet as to Julia Beatrice Keleher (1). Responses due by 7/26/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Acevedo−Cruz, Juan) Modified on 7/12/2022 (mcm). (Entered: 07/12/2022) |
| 07/13/2022 | 47 | RESPONSE to Motion filed by USA as to Julia Beatrice Keleher (1) re 41 MOTION for Return of Property/PostTrial filed by Julia Beatrice Keleher (Alum, Alexander) (Entered: 07/13/2022) |
| 07/14/2022 | 48 | ORDER: Granting 41 "Defendant's Motion for Return of Personal Property" as to Julia Beatrice Keleher (1). Personal property shall be returned accordingly. Signed by Judge Pedro A. Delgado−Hernandez on 7/14/2022. (AEM) (Entered: 07/14/2022) |
| 04/28/2023 | 49 | Supervised Release Transferred to Eastern District of Pennsylvania as to Julia Beatrice Keleher (1). (mcm) (Entered: 04/28/2023) |

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | INFORMATION |
| v. | .CRIMINAL NO.  21-202-01( FAB) |
| JULIA BEATRICE KELEHER, Defendant. | VIOLATIONS: 18 U.S.C. § 371 |

RECEIVED AND FILED
JUNE 8, 2021 AT 10:00 a.m.
OFM

TWO COUNTS

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times material to this Information:

1.   The Commonwealth of Puerto Rico was a self-governing territory of the United States of America.

2.   The Puerto Rico Department of Education (hereafter, the "PRDE") was organized under Article IV, Section 6 of the Constitution of the Commonwealth of Puerto Rico.  The PRDE was responsible for the planning and administration of all public elementary, secondary, and some post-secondary education throughout Puerto Rico.  The PRDE is considered a State educational agency and local educational agency for purposes of administering federal financial assistance programs.

3.   JULIA BEATRICE KELEHER was the Secretary of Education from in or about January 2017 until on or about April 1, 2019.  As the Secretary of Education, JULIA BEATRICE KELEHER was responsible for the management and oversight of the PRDE.  By virtue of her position, JULIA BEATRICE KELEHER was required to make decisions in the best interest of the people residing in the Commonwealth of Puerto Rico without regard to her own personal gain, or that of her friends.

1

4.    The PRDE received federal benefits through various financial assistance programs funded by the United States Department of Education (hereafter, the "USDE").  The value of the federal benefits the PRDE received from the USDE exceeded $10,000 during the twelve months preceding December 31, 2018, and during the twelve months following December 31, 2018.

5.    Colón & Ponce, Inc. ("Colón & Ponce"), was a corporation organized under the laws of the Commonwealth of Puerto Rico.  Mayra Ponce, not charged herein, was one of the two partners of Colón & Ponce.

6.    The *Escuela Especializada Bilingüe Padre Rufo* (hereafter the "Padre Rufo School") was a public school located in Santurce, Puerto Rico.  The Padre Rufo School operated under the auspices of  the PRDE.

7.    The Ciudadela housing complex (hereafter "Ciudadela") was a luxury housing complex adjacent to the Padre Rufo School in Santurce, Puerto Rico.  Company A was a for-profit corporation incorporated under the laws of the Commonwealth of Puerto Rico.  Company A was in the business of buying, selling, dealing, renting, and managing real estate.

8.    Company B was a for-profit consulting corporation incorporated under the laws of the Commonwealth of Puerto Rico, and mainly operated out of the same office space as Company A.  The president of Company B was the same individual who served as the president of Company A.  Company C was a limited liability company organized under the laws of the State of Delaware which was duly authorized to do business in the Commonwealth of Puerto Rico as of August 20, 2012.  Company C owned Ciudadela, which it purchased for approximately $120,000,000.

9.    In or about May 2018, JULIA BEATRICE KELEHER signed a lease with a promise to purchase agreement for a two-bedroom apartment in Ciudadela.  The agreement allowed her to occupy the apartment until no later than August 15, 2018, for the nominal amount of $1.00,

2

although the agreement valued the monthly rental price at $1,500.  Under the terms of the agreement, JULIA BEATRICE KELEHER was to purchase the apartment for $297,500 and receive an incentive bonus of $12,000 in connection with said purchase.  Although the agreement expired on August 15, 2018, JULIA BEATRICE KELEHER remained living in the apartment until actually purchasing it on or about December 4, 2018.  That is, JULIA BEATRICE KELEHER was allowed to occupy the apartment from June 7, 2018 until December 4, 2018 for the nominal amount of $1.00.

COUNT ONE
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 371))

10.     Paragraphs 1, 2, 3, 4, and 5 of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

11. On June 8, 2017, PRDE entered into a professional services contract (2017-AF0220) with COLÓN & PONCE (referred to as the "Second Party" in the contract), to provide certain services.  The contract allowed Colón & Ponce to invoice a total of $43,500.00 and had a duration of up to December 31, 2017.  It contained the following provision at paragraph 24:

| Original Spanish language | English translation |
|---|---|
| *"La Segunda Parte no podrá subcontratar, ceder ni traspasar los servicios objeto de este contrato.  La Segunda Parte será responsable de la contratación y/o reclutamiento del personal que ofrecerá los servicios y actividades estipulados en la cláusula TERCERA de este Contrato. ..."* | "The Second Party may not subcontract, give or transfer the services object of this contract.  The Second Party will be responsible for the hiring and/or recruitment of the personnel that will offer the services and activities stipulated in the THIRD clause of this Contract … …" |

12. Individual B had been a gubernatorial candidate in the Puerto Rico General Elections of 2016, and Individual C was Individual B's campaign manager.  On July 5, 2017, Individual B e-mailed JULIA BEATRICE KELEHER and recommended that she hire Individual C to work at

3

PRDE. In August 2017, Individual C began working at PRDE without being an employee or contractor of PRDE.

13. Sometime before October 25, 2017, JULIA BEATRICE KELEHER informed Individual C that Individual C would be working through COLÓN & PONCE, a company of which Individual C had never heard.

14. On October 25, 2017, PRDE entered into an amended contract with COLÓN & PONCE. The amended contract increased the maximum value of the contract from $43,550.00, to $93,550.00, with a duration until December 31, 2017. The amended contract left unaffected Clause 24 of the original contract, which prohibited COLÓN & PONCE from subcontracting services under the contract.

15. On October 25, 2017, after PRDE and COLÓN & PONCE signed the abovementioned contract amendment, Individual C signed a contractor agreement with COLÓN & PONCE under which Individual C would provide services to COLÓN & PONCE at a rate of $40.00 per hour.

16. After October 25, 2017, COLÓN & PONCE submitted invoices to PRDE for services performed under its contract with PRDE. The invoices included subcontractor services performed by Individual C, in violation of PRDE's contract with COLÓN & PONCE.

17. Sometime in December 2017, Individual C was informed by JULIA BEATRICE KELEHER that BDO would pay for her professional services from January 2018 onwards.

18. On December 28, 2017, Individual C signed an independent contractor agreement with BDO, at a rate of $40 per hour and with a starting date of January 2, 2018.

19. From January 2018 to July 2018, BDO submitted invoices to PRDE for services performed under its contract with PRDE, including subcontractor services performed by Individual C, charging for such services as if Individual C was a Senior Associate or Manager of BDO.

4

20. From in or about October 2017 to in or about July 2018, JULIA BEATRICE KELEHER and others not charged in this information, schemed to defraud and deprive PRDE of its moneys in connection with PRDE contracts for professional services with COLÓN & PONCE and BDO, in that JULIA BEATRICE KELEHER, knowing that said contracts prohibited these entities from subcontracting its services, caused COLÓN & PONCE and BDO to subcontract such services to Individual C, while concealing this fact in their invoices to PRDE, causing PRDE to pay for said services.

21. On or about each of the dates set forth below, in the District of Puerto Rico, the defendant,

JULIA BEATRICE KELEHER,

having devised a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme, as follows:

<strong>INTENTIONALLY LEFT BLANK</strong>

5

| Date | Description of E-mails and Attachments |
|------|----------------------------------------|
| 12/22/2017 | E-mail from Individual C to Mayra Ponce, in which Individual C asks Ponce for payment for her services from August until December 2017, under PRDE's contract with Colón & Ponce. |
| 12/26/2017 | E-mail from Mayra Ponce to Individual C, where Ponce explains that Colón & Ponce's contract with Individual C started on October 25, 2017, the same date that the contract amendment between Colón & Ponce and PRDE was effective, and thus Colón & Ponce would pay Individual C only for her services from October 2017 onwards. |
| 02/28/2018 | E-mail from a BDO Internal Accountant to Individual C, informing that the monthly contractor payroll at BDO is paid every 15th day and that when the check is ready, the Internal Accountant sends an e-mail notifying that the check can be picked up in BDO's reception area or sent by mail. |
| 03/02/2018 | E-mail from a BDO Internal Accountant to Individual C, informing of the availability of Individual C's January 2018 check. |
| 03/15/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the February 2018 checks. |
| 04/13/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the March 2018 checks. |
| 05/15/2018 | E-mail from a BDO Internal Accountant to Individual C and other contractors, informing of the availability of the April 2018 checks. |

22. From in or about October 2017 through in or about July 2018, in the District of Puerto Rico, and elsewhere, the defendant,

JULIA BEATRICE KELEHER,

and other persons, knowingly and willfully conspired with each other to commit an offense against the United States, that is, wire fraud, contrary to 18 U.S.C. § 1343.  All in violation of 18 U.S.C. § 371.

COUNT TWO
Conspiracy to Commit Honest Services Wire Fraud
(18 U.S.C. § 371))

23. Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the General Allegations are hereby re-alleged and incorporated by reference as though fully set forth herein.

24. From in or about May 2018 until in or about April 2019, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

6

JULIA BEATRICE KELEHER,

did knowingly conspire with other persons to devise a scheme and artifice to defraud the people residing in the Commonwealth of Puerto Rico of their right to her honest and faithful services as the Secretary of Education, and to transmit, and cause to be transmitted by means of wire, writings, signals, and sounds in interstate and foreign commerce for the purpose of executing the scheme and artifice to defraud, contrary to 18 U.S.C. §§ 1343 and 1346.

### Purpose of the Conspiracy

25. It was a purpose of the conspiracy for JULIA BEATRICE KELEHER to use her official position as the Secretary of Education to obtain gifts, payments, and things of value from others, in exchange for signing a letter purporting to cede 1,034 square feet of the Padre Rufo School to Company C.

### Manner and Means of the Conspiracy

26. It was part of the conspiracy that co-conspirators facilitated Company C's offer of a lease agreement to JULIA BEATRICE KELEHER, under which terms JULIA BEATRICE KELEHER was allowed to rent an apartment within Ciudadela from in or about May 2018 until in or about December 2018 for the nominal amount of $1.00.

27. It was further part of the conspiracy that in or about May 2018, other persons, Company A, Company B, and Company C, agreed to give JULIA BEATRICE KELEHER a $12,000.00 incentive bonus in connection with her purchase of an apartment in Ciudadela.

28. It was further part of the conspiracy that JULIA BEATRICE KELEHER and co-conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden acts done in furtherance of the conspiracy, including JULIA BEATRICE KELEHER's receipt of bribes and financial benefits from others.

**Overt Acts**

29. In furtherance of the conspiracy, and to achieve its purpose, JULIA BEATRICE KELEHER and co-conspirators committed overt acts including, but not limited to, the following:

30. Between in or about May 2018 and in or about June 2018, a co-conspirator caused to be delivered to a PRDE employee who worked at the Padre Rufo School a letter signed by Individual A requesting authorization for Company C to acquire 1,034 square feet of the Padre Rufo School.  The letter was dated May 30, 2018.

31. Between in or about May 2018 and in or about June 2018, a co-conspirator delivered to a PRDE employee who worked at the Padre Rufo School the draft text of a letter addressed to JULIA BEATRICE KELEHER providing that PRDE employee's assent to ceding 1,034 square feet of the Padre Rufo school to Company C.  This PRDE employee signed the letter, dated June 8, 2018.

32. On or about July 17, 2018, a co-conspirator sent via email the draft text of a letter addressed to the president of Company C from JULIA BEATRICE KELEHER purporting to cede 1,034 square feet of the Padre Rufo School to Company C by authorizing Company C "to proceed with the construction."  JULIA BEATRICE KELEHER caused the text to be placed on PRDE letterhead largely as drafted by the co-conspirator and affixed her signature.

33. For the purpose of executing and attempting to execute the scheme and artifice to defraud, JULIA BEATRICE KELEHER and her co-conspirators did cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signals, and sounds as described below:

8

| Date (on or about) | Interstate Wire |
|---|---|
| May 31, 2018 | Email from JULIA BEATRICE KELEHER to employee of Company A confirming whether she would receive $12,000.00 bonus in connection with her purchase of apartment in Ciudadela. |
| June 22, 2018 | Email from co-conspirator to JULIA BEATRICE KELEHER regarding Company C's request to acquire land of the Padre Rufo School. |
| June 23, 2018 | Email from JULIA BEATRICE KELEHER to JULIA BEATRICE KELEHER forwarding documents pertaining to Company C's request to acquire land from the Padre Rufo School. |
| July 17, 2018 | Email from co-conspirator to JULIA BEATRICE KELEHER attaching documents relating to Company C's acquisition of 1,034 square feet of Padre Rufo School. |
| July 17, 2018 | Email from JULIA BEATRICE KELEHER to PRDE employee attaching documents relating to Company C's acquisition of 1,034 square feet of Padre Rufo School. |
| August 20, 2018 | Email from a co-conspirator to JULIA BEATRICE KELEHER offering assistance in obtaining a bank loan. |

All contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371.


W. STEPHEN MULDROW
UNITED STATES ATTORNEY                    Date: 5/21/2021

SETH ERBE   Digitally signed by SETH ERBE
Date: 2021.05.21 08:57:09
-04'00'
_____
Seth A. Erbe
Chief, Financial Crimes and Public Corruption Unit


_____
Alexander L. Alum
Assistant United States Attorney


_____
Jose A. Ruiz-Santiago
Assistant United States Attorney

9

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                 Sheet 1

# UNITED STATES DISTRICT COURT

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Julia Beatrice Keleher (1) | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  3:21-CR-00202-1 (PAD)<br><br>USM Number:  35538-016<br><br>Maria A. Dominguez-Victoriano, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One (1) and Two (2) of the Information on June 8, 2021.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy to commit wire fraud | 6/8/2021 | One (1) |
| 18:371 | Conspiracy to commit honest services wire fraud | 6/8/2021 | Two (2) |

    The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/17/2021
Date of Imposition of Judgment

s/ Pedro A. Delgado-Hernández
Signature of Judge

Pedro A. Delgado-Hernández, U.S. District Judge
Name and Title of Judge

12/17/2021
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT:    Julia Beatrice Keleher (1)
CASE NUMBER:    3:21-CR-00202-1 (PAD)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Six (6) months as to each count, to be served concurrently with each other.

☑ The court makes the following recommendations to the Bureau of Prisons:
That defendant be allowed to serve her term of imprisonment at FPC Alderson and FCI Danbury.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ within ten (10) working days upon designation. _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:   Julia Beatrice Keleher (1)
CASE NUMBER:   3:21-CR-00202-1 (PAD)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

 Twelve (12) months as to each count of conviction, to be served concurrently with each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☑ The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page   4   of   7  

DEFENDANT:   Julia Beatrice Keleher (1)
CASE NUMBER:  3:21-CR-00202-1 (PAD)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3B — Supervised Release

Judgment—Page    5    of    7

DEFENDANT:    Julia Beatrice Keleher (1)
CASE NUMBER:    3:21-CR-00202-1 (PAD)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall remain at her residence of record for a period of 12 months with Electronic Monitoring under the modality of home detention. She will be restricted to her residence at all times except for employment, medical or mental health treatment, or other activities approved in advance by the Probation Officer.  In addition to any other telephone or cellphone, she shall maintain a telephone at her residence without a modem, an answering machine, or a cordless feature during the term of electronic monitoring.  She shall wear an electronic device 24 hours a day and shall observe the rules specified by the probation officer.  She is ordered to pay the daily cost of the Electronic Monitoring Device.  Payment shall be based on her ability to pay.

2. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this court.

3. The defendant shall not unlawfully possess or use controlled substances.

4. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

5. The defendant shall submit her person, property, house, vehicle,  papers, computers, other electronic communication or data storage devices, and media, to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

6. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

7. The defendant shall perform 75 hours of unpaid community service work during the supervision period at a private non-profit or public facility to be selected and under such arrangements as the Probation Officer of the court may determine.

8. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT:  Julia Beatrice Keleher (1)
CASE NUMBER: 3:21-CR-00202-1 (PAD)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ 21,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $                0.00 | $                0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:   Julia Beatrice Keleher (1)
CASE NUMBER:   3:21-CR-00202-1 (PAD)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __21,200.00__  due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

| PROB 22 (Rev. 2/88) | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | **0104 3:21CR00202-001** |
| TRANSFER OF JURISDICTION | DOCKET NUMBER *(Rec. Court)* |
| | 22cr346 - File |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Puerto Rico | U.S. Probation Office |
| | NAME OF SENTENCING JUDGE | |
| Julia Beatrice-Keleher | Hon. Pedro A. Delgado-Hernandez, USDJ | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 07/22/2022 | TO 07/21/2023 |

**OFFENSE**

18:371 Conspiracy to commit wire fraud

18:371 Conspiracy to commit honest services wire fraud

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

　　　　IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ＿＿＿＿＿ Eastern District of Pennsylvania ＿＿＿＿＿ upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.

9/30/2022

_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

　　　　IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

10/3/2022

_____
Effective Date

S/ Joel H. Slomsky

_____
United States District Judge